

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2007

# USA v. Anderson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3744

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Anderson" (2007). *2007 Decisions.* Paper 1621.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1621

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3744
_____

UNITED STATES OF AMERICA

v.

DELROY ANDERSON,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 00-cr-00683)
District Judge: Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
on January 9, 2007

Before:  SLOVITER and RENDELL, Circuit Judges,
and RUFE,* District Judge.

(Filed February 15, 2007)
_____

OPINION OF THE COURT
_____

_____

*  Honorable Cynthia M. Rufe, Judge of the United States District Court for the
   Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

Delroy Anderson appeals from a sentence entered against him, following a guilty plea, for his role in obtaining fraudulent mortgage loans. Anderson claims that the District Court failed to adequately consider the factors enumerated under 18 U.S.C. § 3553(a) and erred in calculating the loss for which Anderson is responsible. We will affirm the order of the District Court.

**I.**

On May 17, 2001 Anderson pleaded guilty to charges of conspiracy to commit wire fraud and wire fraud, under 18 U.S.C. §§ 371 & 1343. Anderson's plea stemmed from a scheme employed between approximately January and December of 1995, in which Anderson and several co-conspirators fabricated credit documents and property appraisals to obtain, and quickly default on, mortgage loans far in excess of the underlying properties' true value. In total, Anderson and his accomplices secured nearly 60 mortgages totaling nearly $9,000,000 from the sole lender they targeted, Parkway Mortgage, Inc. ("Parkway"). Out of these proceeds, Anderson himself received approximately $900,000.

Though his sentencing hearing was scheduled for October 15, 2002, Anderson fled the jurisdiction in violation of the conditions of his pretrial release and evaded law enforcement officials until his capture on April 27, 2004. At Anderson's July 2005 sentencing hearing, held over four years after his guilty plea, the District Court heard evidence regarding Parkway's suffered loss. After hearing testimony from the officer of

2

the Federal Bureau of Investigations ("F.B.I.") who was responsible for Anderson's case, and after reviewing the findings of the Presentence Investigation Report ("PSR"), the District Court concluded that Anderson was responsible for a loss of $2,599,409, which, under the Federal Sentencing Guidelines, triggered a 13-level enhancement above Anderson's base offense level of six.[1] Additionally, the District Court found that Anderson was subject to a two-level enhancement because his offense involved more than minimal planning, another two-level enhancement because Anderson acted in a supervisory role, and a third two-level enhancement for obstruction of justice. After these enhancements, Anderson's total offense level stood at 25 which, combined with a Category I Criminal History, called for a sentencing range of between 57 and 71 months. The District Court chose the upper boundary of this range, sentencing Anderson to 71 months – 11 months for wire fraud and, to run consecutively, an additional 60 months for conspiracy.[2]

---

[1]As the Government indicates in its brief, the District Court's reference at sentencing to the "1993 Sentencing Guidelines" was most likely a slip of the tongue. Anderson committed his crime in 1995 and the PSR correctly employed the 1995 Guidelines in calculating Anderson's sentence. Therefore, it is clear that the 1995 edition of the Guidelines Manual controls this case.

[2]8 U.S.C. § 371 carries a statutory maximum of five years, while 8 U.S.C. § 1343 carries a statutory maximum of 20 years or, in the event that the fraud affects a financial institution, 30 years. Therefore, the sentence crafted by the District Court was far below the upper limit of its statutory authority.

Anderson now appeals this sentence, arguing first that the District Court failed to adequately consider the factors listed under § 3553(a) in crafting his sentence and, second, that the District Court erred in calculating the loss by failing to adequately value the properties secured by the mortgages.[3]

## II.

As for Anderson's first argument, we note at the outset that the sentencing hearing fell within the thirteen-month window between the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and this Court's *en banc* decision in *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006), which outlined how, and the extent to which, District Courts are to consider the factors listed under § 3553(a) in crafting criminal sentences. In *Cooper* we said:

> The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. The court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) facts if the record makes clear the court took the factors into account in sentencing. Nor will we require district judges to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are now advisory.
>
> On the other hand, a rote statement of the § 3553(a) factors

---

[3]In his reply brief, Anderson argues that the District Court also erred in adding to the loss total those costs that Parkway incurred in foreclosing on the mortgaged properties. However, "the courts of appeals will not consider arguments raised on appeal for the first time in a reply brief." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 204-05 n.29 (3d Cir. 1990). We see no "exceptional circumstances" in this case to justify deviating from this rule. *Id*.

4

should not suffice if at sentencing either the defendant or the prosecution properly raises "a ground of recognized legal merit (provided it has a factual basis)" and the court fails to address it. As the Court of Appeals for the Seventh Circuit explained, "we have to satisfy ourselves, before we can conclude that the judge did not abuse his discretion, that he exercised his discretion, that is, that he considered the factors relevant to that exercise."

*Cooper*, 437 F.3d at 329 (citations omitted).

Anderson was sentenced before our decision in *Cooper* and, therefore, the District Court had only the guidance set forth in *Booker*, where the Supreme Court stated that:

Without the "mandatory" provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals. The Act nonetheless requires judges to consider the Guidelines "sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant," the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. And the Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care.

*Booker*, 543 U.S. at 259-60 (citing to § 3553(a) factors) (citations omitted).

Under either standard, however, it is clear that the District Court more than adequately took the § 3553(a) factors into account. First, the Court explicitly noted, on more than one occasion, that it looked upon the Guidelines as non-binding, advisory, and as a mere reference point in crafting Anderson's sentence. Second, the District Court listened to and considered defense counsel's arguments regarding Anderson's efforts at

5

restitution, previous military service, and lack of criminal record. Indeed, Anderson's true argument seems to be not that the District Court failed to consider these arguments, but that it failed to *credit* them. However, *Booker* and *Cooper* mandate only that District Courts *consider* the factors listed under § 3553(a), not that they give them certain weight. In this case, the District Court considered the factors set forth in § 3553(a) and found that, despite the presence of certain mitigating facts, Anderson deserved a sentence of 71 months. This judgment reflects exactly the sort of reasoned exercise of sentencing discretion that we will not disturb.

## III.

Anderson's second argument is that the District Court erred in calculating loss because it "failed to adequately consider the fair market value of the properties secured by the loans."[4] "A District Court's finding of intended loss is one of fact, and will not be disturbed unless clearly erroneous." *United States v. Himler*, 355 F.3d 735, 740 (3d Cir. 2004). Anderson's argument fails to meet this heavy burden.

The District Court arrived at its $2,559,409 loss determination by adopting the

---

[4]Anderson's brief seems to suggest that the District Court erred by choosing to calculate Parkway's *actual* loss rather than Anderson's intended loss. However, this argument is meritless. "In general, the loss from fraud is the financial loss actually suffered by the victim, or the loss that the criminal intended the victim to suffer if that is greater." *United States v. Nathan*, 188 F.3d 190, 209 (3d Cir. 1999). The District Court's $2,599,409 loss determination reflects the actual loss suffered by Parkway. If this figure represents a loss greater than that which Anderson intended, the District Court relied upon it appropriately. If this figure represents a loss less than that which Anderson intended, it was to Anderson's benefit.

methodology and financial data outlined in the PSR, which was itself initially developed by F.B.I. Special Agent Scott Marino in his investigation of Anderson's case. At sentencing, Marino testified to his methodology, which was to start with the principal of each loan; subtract any amount Parkway was able to recover through foreclosure sales or refinancing; subtract any origination fees earned by Parkway; add any costs associated with foreclosure; and add any loss of bargained-for interest. By applying this methodology to the underlying financial information provided by Parkway, Marino determined that Anderson was responsible for a loss of $2,599,409.[5]

In arguing that the District Court failed to adequately take into account the fair market value of the properties on which Parkway foreclosed, Anderson does not really attack the methodology used by the District Court, but rather the accuracy of the underlying data and, in doing so, revives the flawed argument he raised at sentencing: that the District Court should not have relied on the amounts Parkway recovered from foreclosure sales because Parkway, in its haste to minimize its losses, sold the relevant properties for less than market value. Anderson has not offered any evidence as to the purported actual market value of the properties or otherwise offered proof that Parkway sold even one of the properties for less than it otherwise could or should have. Finally, it defies logic to suggest that Parkway would do anything less than its utmost to recoup its

---

[5]We should note that the District Court, Special Agent Marino, and the PSR left out of these calculations several loan transactions of which Anderson claimed to have no knowledge.

losses, especially when it had no other means of doing so.[6]

We are therefore satisfied that the District Court did not commit clear error in determining that Anderson was responsible for $2,599,409 in loss.

## IV.

For these reasons, we will AFFIRM the Judgment and Commitment Order of the District Court.

_____

---

[6]In addition to handing down a custodial sentence, the District Court also ordered Anderson to pay $104,436 in restitution, a sum clearly falling far short of the total loss.